WILLIAM C. MAXWELL v. MISSISSIPPI VALLEY COMPANY ET AL.

[48 South. 610.]

**1. DEEDS.** *Conditions. Construction. Railroads.*

A deed for a strip of land, extending over other lands of the grantor, reciting that it was executed in consideration of one dollar and the benefits to the grantor accruing from the construction of a railroad through his land, meaning the land over which the strip extended, is not a deed upon condition.

**2. SAME.** *Same.*

A deed to a strip of land, extending over other lands of the grantor, reciting that it was executed on condition and in consideration of the public convenience to arise from the construction of a railroad to a designated town as surveyed through the grantor's lands and the establishment and maintenance of a depot on the strip, the granting clause reading "and upon the construction and completion of said railroad we hereby grant and donate" to the grantee, etc., is a deed upon condition.

**3. SAME.** *Same.*

A deed to a strip of land, extending over other lands of the grantor, reciting that it was executed in consideration of one dollar . . . and of the benefits that will accrue to the grantor by reason of the construction of a railroad through his lands and the establishment and maintenance of a depot on the strip, followed by the granting clause, is a deed upon condition.

FROM the circuit court of Lawrence county.

HON. ROBERT L. BULLARD, Judge.

Maxwell, appellant, was plaintiff in the court below; the Mississippi Valley Company and the Brookhaven & Pearl River

Railroad Company, appellees, were defendants there. The suit was an action of ejectment. From a judgment in defendant's favor, plaintiff appealed to the supreme court.

The several deeds, each to a part of the land in controversy, executed by plaintiff, under which defendants claimed, were, omitting acknowledgments and certificates of record, as follows:

Deed "A"

"State of Mississippi, }
"County of Lawrence   }

"In consideration of the sum of one dollar to us in hand paid the receipt of which is hereby acknowledged and of the benefits that will accrue to us by reason of the construction of a railroad through our lands we hereby bargain, sell, convey and warrant to Stuyvesant Fish, etc., his successors and assigns, the following described lands and property situated in Lawrence county, State of Mississippi, to-wit: a strip of land one hundred feet in width between parallel lines over, through and across the following lands situated in said county and state to-wit: That part of the S. E. ¼ sec. 20 T. 7 N. R. 11 E. lying south of the Monticello and Brookhaven road, and N. W. ¼ of N. E. ¼ and all that part of N. E. ¼ sec. 29 T. 7 N. R. 11 E., lying north of the land formerly owned by E. L. Vanerson except one acre lying in the southeast corner thereof, sold to Mrs. Emma Frances Bird, being 30 acres more or less, containing in all 110 acres more or less, except that part thereof heretofore sold to John S. Lambert, as now located for right of way for said railroad fifty feet on each side of the center line as now located. The purchase price above named covers all claims for damages that may arise on account of the construction of such road to any other of our lands.

"Witness our signatures this 4th day of Sept. A. D. 1902.

"W. C. MAXWELL,
"MARY L. MAXWELL."

Deed "B"

"State of Mississippi,
"County of Lawrence

"For and in consideration of the public good and convenience to be derived therefrom by the citizens of the town of Monticello in said county and state, and the public weal of the county of Lawrence generally; in the event of the construction of a railroad to the town of Monticello, as now surveyed and located over, through and across our lands and the establishment and maintenance of a depot, at some point on the strip of land this day conveyed by us to Stuyvesant Fish or on the right of way heretofore conveyed for the purpose of the construction of a railroad, to the said Fish through our lands or either of them; now in consideration of the above condition and upon the construction and completion of said railroad we hereby grant and donate to Stuyvesant Fish, and his successors, in office of the president of the Illinois Central Railroad Company for the use of the citizens of the town of Monticello and the public weal, generally of said Lawrence county the following described land situated in the County of Lawrence and State of Mississippi, to-wit: A strip of land fifty feet in width between parallel lines and extending full length through our lands and immediately west of and adjoining said right of way, as now located for said railroad, and another strip of land fifty feet in width between parallel lines immediately east of and adjoining the strip of fifty feet this day conveyed by us to the said Fish for track and depot facilities, being parallel with and one hundred feet east of the central line of said railroad as now located for the construction of said railroad and a third strip of land of fifty feet in width between parallel lines, as a continuation of Broad street, of the said town of Monticello, up to and intersecting with the fifty foot strip last above mentioned on the east side of the strip this day conveyed to the said Fish, said strip of land being over and across the lands now owned by us and more particularly described as: All that part of the South half of the

South East quarter (S. ½ of S. E. ¼) sec. 20, and that part of the North half of the Northeast quarter (N. ½ of N. E. ¼) sec. 29, all in Township seven, North of Range eleven (11) East.

"Witness our signatures this 29th day of December 1902.

"W. C. MAXWELL,
"MARY L. MAXWELL."

Deed "C."

"State of Mississippi,
"County of Lawrence

For and in consideration of the sum of one dollar, cash in hand paid, the receipt whereof is hereby acknowledged, and of the benefits that will accrue to us by reason of the construction of a railroad through our lands and the establishment and maintenance of a depot, to be erected and maintained at some point on the lands herein conveyed or heretofore conveyed to Stuyvesant Fish by us for a right of way, at and for the town of Monticello, in said county and state, we hereby bargain, sell, convey and warrant unto Stuyvesant Fish, his successors and assigns the following described lands, situated, lying and being in the county of Lawrence and state of Mississippi, to-wit: A strip of land fifty feet in width between parallel lines immediately east of and adjoining the land heretofore conveyed by us to the said Fish for a right of way for a railroad over, through and across said land which deed appears of record in the office of the chancery clerk of said county in Deed Book M. M. p. 288, said strip extending full length of said right of way, and east of the same over, through and across all that part of the south half of the south east quarter (S ½ of S. E. ¼) sec. 20, and that part of the north half of the northeast quarter (N. ½ of N. E. ¼) sec. 29, all in Township seven (7) North of Range eleven (11) east, now owned by us and in our possession.

"Witness our signatures this the 29th day of December A. D. 1902

"W. C. MAXWELL,
"MARY L. MAXWELL."

The trial court, upon objection by defendants, excluded all evidence offered by the plaintiff to show a failure by the grantee in each of said deeds, and of defendants holding under them, to comply with their terms, especially with the terms of deeds B and C, touching the establishment and maintenance of a depot.

*Touchstone & Salter,* for appellant.

The contention of appellant is that the deeds were made upon conditions subsequent to wit, the construction of a railroad and the maintenance of the said road and upon the construction and maintenance of a depot to be located on the land.   The court below held that the recitations in the preamble of the deed were nothing more than recitals of a consideration and upon delivery of the deed a perfectly legal title passed to appellee without any conditions attached.   Certainly this cannot be said of the second deed executed December 29, 1902, conveying a part of the land in controversy.   This deed expressly sets out a condition, specifically stating the conditions upon which the deed was made.

As to the remedy sought by this suit, we submit that the case of *Yazoo, etc. R. Co. v. Baldwin,* 78 Miss. 57, 29 South. 763, settles our right to bring ejectment.

In the court below appellant offered evidence to show that not only the depot in this case had been burned and the railroad company had refused to rebuild it, but had in fact abandoned the railroad at that point entirely and had in fact refused to place cars at a convenient point on appellant's land, or anywhere on this part of the road, for the convenience of the public in unloading freight, which evidence the court refused to admit.

WHITFIELD, C. J., delivered the opinion of the court.

The court's construction of the deed executed by W. C. Maxwell and Mary L. Maxwell, on the 4th of September, 1902, was correct.   This deed conveyed a strip of land one hundred feet wide, and contained no condition precedent what-

ever. But the construction of the two deeds executed by the same parties on the 29th of December, 1902, one for a strip of land one hundred fifty feet in width, and the other for a strip of land fifty feet in width, was not correct, as they both do contain conditions precedent. The consideration expressed in both these deeds, as moving from the railroad company to the grantors, is that the railroad company shall establish and maintain a depot, and it is expressly said: "Now, in consideration of the above condition, upon the construction and completion of said railroad we hereby grant," etc. This is the language of the deed conveying the land one hundred fifty feet in width, and in the other deed a part of the consideration is expressed to be, also, the establishment and maintenance of a depot to be erected and maintained, etc., and yet the court held that these deeds contained no condition whatever, and refused to allow Maxwell to testify whether those conditions and considerations had been complied with. All this was error. See *Railroad v. Baldwin's Ex'rs,* 78 Miss. 59, 29 South. 763.

*Reversed and remanded.*